**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MARK A. BUTLER**                                                                **PLAINTIFF**

**V.**                               **No. 3:10CV00172 JMM-BD**

**JOHN SMITH,** *et al.*                                              **DEFENDANTS**

**ORDER**

     **I.**     *In Forma Pauperis*

Plaintiff, an inmate detained at the Craighead County Detention Facility, brings this pro se Complaint under 42 U.S.C. § 1983. (Docket entry #1) Upon review of the record, the Court notes that Plaintiff has neither filed a motion to proceed *in forma pauperis* nor paid the statutory filing fee. The statutory filing fee for a complaint under 42 U.S.C. § 1983 is $350.00.

Under the Prison Litigation Reform Act ("PLRA"), even prisoners who are permitted to file civil actions *in forma pauperis* must pay the $350.00 statutory filing fee. 28 U.S.C. §1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth,* 147 F.3d 715, 716 (8th Cir. 1998).

In order to proceed *in forma pauperis*, the Plaintiff must submit a proper and complete application to proceed *in forma pauperis*, along with a calculation sheet, prepared and signed by an authorized officer of the correctional facility where he is being

held. Based on information contained in the application and calculation sheet, the Court will assess an initial, partial filing fee if sufficient funds exist and will direct the future collection of monthly installment payments until the filing fee is paid in full. 28 U.S.C § 1915(b)(1)-(2). If the case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.

Accordingly, if Plaintiff wishes to proceed with this action, he is ordered to file an application to proceed *in forma pauperis,* or pay the filing fee of $350.00, within thirty days of the entry date of this Order. The Clerk of Court is directed to forward Plaintiff an *in forma pauperis* application, along with a copy of this Order. Failure to comply with this Order may result in dismissal of this case without prejudice under Local Rule 5.5(c)(2).

**II.     Screening**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915(e). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. "Though pro se complaints are to be construed liberally, see *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285(1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). As it now stands, the Court cannot determine whether Plaintiff has stated a claim for relief under 42 U.S.C. § 1983.

In his Complaint, Plaintiff alleges that his conditions of confinement are unconstitutional and that "some officers" have interfered with inmate mail. In order to establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show (1) that the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837, 114 S.Ct. 1970, 1977, 1980 (1994). Deliberate indifference is more than negligence. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005). "It requires proof of a reckless disregard of a known risk." *Id.* (citing *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998)). Additionally, the PLRA requires a prisoner to allege physical injury from his allegedly unconstitutional conditions of confinement. 42 U.S.C. § 1997e(e). Here, Plaintiff has not alleged such facts.

Plaintiff alleges that prison officials have interfered with his mail. It is well settled that prison officials may open privileged legal mail only in an inmate's presence; however, all other mail may be opened and inspected for contraband outside of the inmate's presence. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); and *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). Privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner*, 109 F.3d at 430. Mail to and from a court does not fall under this narrow definition of privileged legal mail and, therefore, may be opened outside of the inmate's presence. See *Moore v.. Rowley*, Case No. 04-1981, 2005 WL 677800 (8th Cir. Mar. 24, 2005) (unpublished opinion) (holding that a bankruptcy petition a prisoner mailed to the United States Bankruptcy Court was not privileged legal mail and, therefore, could be opened by prison officials outside of his presence); *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (explaining that court documents may be opened outside of an inmate's presence because they are "public documents"). Here, Plaintiff fails to state what type of mail Defendants have opened or whether any such mail belonged to him.

Moreover, although Plaintiff names eight individuals as Defendants, he fails to state how these individuals violated his federally protected rights or what injury he sustained as a result of such unconstitutional conduct.

Finally, Plaintiff may not defeat the filing fee requirements contained in 28 U.S.C. § 1915, by joining in one lawsuit a multitude of unrelated and legally distinct claims involving different defendants.

Accordingly, Plaintiff is ordered to file an Amended Complaint within thirty days of entry of this Order, specifically explaining only <u>one</u> constitutional claim so that the Court can determine whether he may proceed with this lawsuit. Failure to timely and completely respond to this Order may result in dismissal of Plaintiff's Complaint. See Local Rule 5.5(c)(2).

IT IS SO ORDERED this 3rd day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE